1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL PIES-LONSDALE, | Case No.: 3:22-cv-0309-TWR-JLB |
| Plaintiff, | **ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2)** |
| v. | **(2) DISMISSING CLAIMS AND DEFENDANT HARTLEY FOR FAILING TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b) AND** |
| LEMUS, Chaplain; T. HARTLEY, Case Manager, | |
| Defendants. | **(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE AS TO DEFENDANT LEMUS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

On March 4, 2022, Gabriel Pies-Lonsdale ("Plaintiff"), currently detained after being arrested for violating the terms of his supervised release[1], and proceeding pro se, has

---

[1] Plaintiff was arrested on December 7, 2021 after an alleged violation of the terms of his supervised release. *See United States v. Pies-Longsdale*, 3:21-cr-3090-GPC-1, ECF No. 81; *see also Bias v.*

filed a civil action pursuant to 42 U.S.C. § 1983.  (*See* ECF No. 1, the "Complaint".)  At the time the Complaint was filed, Plaintiff was detained at GEO Western Region Detention Facility. *See id.* He has since been transferred to the Metropolitan Correction Center ("MCC").  (*See* ECF No. 3.)  On March 8, 2022, this Court dismissed the Complaint without prejudice because Plaintiff did not pay the $402 civil filing fee required by 28 U.S.C. § 1914(a) or file a Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (*See* ECF No. 2.)  The Court received notice on March 21, 2022 that the March 8, 2022 Order was retuned and undeliverable (*see* ECF No. 4), consequently, the Court resent the Order to Plaintiff's new address, and gave Plaintiff until May 29, 2022 to either pay the $402 filing fee or provide adequate proof of his inability to pay.  (*See* ECF No. 5.)  Plaintiff timely filed a Motion to Proceed *in forma pauperis* on March 24, 2022. (*See* ECF No. 6.)

## I.  Motion to Proceed *in forma pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that all prisoners who proceed *in forma pauperis*, pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577

---

*Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his motion to proceed *in forma pauperis*, Plaintiff has submitted a certified prison certificate issued by MCC which attests as to his trust account activity pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. Local Rule 3.2. (*See* ECF No. 3); *Andrews*, 398 F.3d at 1119. This certificate indicates Plaintiff has an average monthly balance of $50.48, and an average of $50.48 in monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint. His available balance as of March 16, 2022, was $0.00. *See id.* at 4–5. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* (*see* ECF No. 6). Further, the Court declines to exact any initial filing fee because his prison certificates indicate he may have "no means to pay it," *Bruce*, 577 U.S. at 84, and directs the Warden of MCC, or his

3:22-cv-0309-TWR-JLB

designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Screening Pursuant to 28 U.S.C. § 1915(e) and § 1915A(b)

### A.   *Standard of Review*

The PLRA obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2), (h), § 1915A(a)–(c). Under these provisions of the PLRA, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  On the other hand, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition, the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  However, it may not "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B**.   ***Plaintiff's Allegations***

In his Complaint, Plaintiff alleges that while detained at GEO Western Region Detention Facility ("GEO-WRDF") he was denied the right to practice his religion.  He contends that on February 17, 2022, he submitted a request to Chaplain Lemus, which stated:

> I would like Haitian Voodoo prayers so I can find salvation thru my religion as I am documented thru the B.O.P. thank you for allowing me to practice my First Amendment Right.

(*See* Complaint at 3.)  Plaintiff received a response from Lemus denying his request on February 24, 2022 stating, "Voodoo practices are all about rituals that we do not allow in this facility for security and safety reasons."  (*See id.*)  That same day, Plaintiff filed a grievance with the detention facility, stating that he requested voodoo prayers and "chaplain Lemus imposed a substantial burden on [his] religious exercise."  (*See id.* at 4.)  On February 26, 2022, when Lemus was making her "rounds," Plaintiff asked her why she

5

denied his request since nothing in the request involved practices that were "threatening" to the security of the facility. (*See id.* at 3.) Lemus responded: "[B]ecause your religion is not a religion." (*See id.*)

Plaintiff alleges his First Amendment right to exercise his religion and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") were violated by Lemus, and T. Hartley, a case manager at GEO-WRDF. (*See id.* at 4.) He seeks an injunction preventing defendants from denying him "religious documents for and of prayers" and "religious physical items for pray[er] rituals." (*See id.* at 6.) He also seeks $800,000,000 in compensatory and punitive damages. (*See id.*)

### C.   *42 U.S.C. § 1983 and/or Bivens Action*

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under section 1983, Pies-Lonsdale must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). Here, the allegations giving rise to Plaintiff's claims took place in a private detention facility operated by GEO, which houses federal detainees.[3] As such, Plaintiff has not alleged Defendants were acting under color of state law. Instead, because Plaintiff was a federal detainee while held at GEO-WRDF, the Court liberally construes his First Amendment claim to arise under *Bivens v. Six Unknown Named Agents*

---

[3] The Court takes judicial notice of the fact that "GEO's Western Region Detention Facility contract with the United States Marshal Service was operating under a two-year option period which was scheduled to end on September 30, 2021," but on September 21, 2021, it was announced that the contract would be extended an additional six months, beginning on October 1, 2021. *See* Press Release, "The GEO Group Enters Into Six-Month Contract Extension With U.S. Marshals Service for Western Region Detention Facility" (Sept. 21, 2021) (visited April 26, 2022).

3:22-cv-0309-TWR-JLB

1  *of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Johnson v. Corr. Corp. of*
2  *Am.*, 2014 WL 2919300, at *2-3 (S.D. Cal. June 26, 2014) (construing an ICE detainee
3  plaintiff's claims asserted under § 1983 against a private corporation operating under
4  contract with a federal agency as *Bivens* claims); *Karboau v. Clark*, 2012 WL 5350159, at
5  *6-7 (W.D. Wash. Oct. 9, 2012) (dismissing an excessive force and failure to protect claim
6  asserted by plaintiff, an ICE detainee, against GEO Group employees because the claims
7  were beyond the reach of *Bivens*); *Bromfield v. McBurney,* 2008 WL 2746289, at *7-13
8  (W.D. Wash. July 8, 2008) (where defendant GEO Group had contracted with the federal
9  government to operate a federal immigration detention facility, GEO Group and its
10 employees were acting under color of federal law).

11      Even liberally construing Plaintiff's claim under *Bivens*, however, Plaintiff fails to
12 state a First Amendment free exercise claim.  First, neither the Supreme Court nor the Ninth
13 Circuit Court of Appeals has ever extended *Bivens* to free exercise claims.  *See Iqbal*, 556
14 U.S. at 675 (declining to decide whether a free exercise claim is actionable under *Bivens*).
15 The Third Circuit, however, has stated that because the Religious Freedom Restoration Act
16 ("RFRA") provides an "alternative remedial scheme" with all "appropriate relief" for free
17 exercise violations "we can conceive no adequate justification for extending *Bivens* to Free
18 Exercise claims.  *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016) (citing
19 *Wilkie v. Robbins*, 551 U.S. 537 (2007) and *Holt v. Hobbes*, 574 U.S. 352 (2015)).

20      Moreover, assuming arguendo *Bivens* extends to free exercise claims, Plaintiff still
21 fails to state a claim because Defendants in this case are employees of a private detention
22 facility operated by GEO Group under contract with the United States Marshal Service.
23 *Bivens* actions are not available against employees of a private corporation operating under
24 contract with federal government.  *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (finding
25 no *Bivens* cause of action where a federal prisoner seeks damages from privately employed
26 personnel working at privately operated federal facility).  Therefore, Plaintiff has failed to
27 state a *Bivens* claim for relief.

### D.   RFRA

Plaintiff also contends Defendants violated his rights under the RLUIPA.  (*See* Complaint at 4.)   Under RLUIPA, "[n]o [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a)(1)–(2).  Thus, RLUIPA applies to state governments.  *See Holt v. Hobbs*, 574 U.S. 352, 357 (2015).  Because Plaintiff is a federal detainee, the Court liberally construes his claim under the RFRA, which applies to the federal government[4] and sets forth a standard similar to RLUIPA.  *See Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005).

The RFRA states that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability [unless] "application of the burden . . . (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  42 U.S.C. § 2000bb-1.  Congress enacted RFRA "in order to provide very broad protection for religious liberty."  *Holt*, 574 U.S. at 356–57 (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 693 (2014)).   RFRA places a more demanding burden on the government "to 'sho[w] that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y].'"  *Holt*, 574 U.S. at 364–65 (quoting *Burwell*, 573 U.S. at 728).

#### 1.   Lemus

Construing his allegations liberally, Plaintiff has stated a plausible claim that the that Lemus substantially burdened his ability to practice his religion.  The Court therefore will permit Plaintiff's RFRA claim for money damages to proceed against Lemus.  *See Tanzin*

---

[4] The United States Supreme Court held that RFRA was unconstitutional as applied to the states in *City of Boerne v. Flores*, 521 U.S. 507, 519 (1997), but RFRA continues to apply to the federal government and its officers.  *Sossamon v. Texas*, 563 U.S. 277, 281 (2011).

*v. Tanvir*, —U.S.—, 141 S. Ct. 486, 493 (2020) ("RFRA's express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities."); *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1068 (9th Cir. 2008) (concluding that to state a prima facie RFRA claim, a plaintiff must allege a government action "substantially burdens" the plaintiff's "exercise of religion"). The Court dismisses Plaintiff's claim for injunctive relief, however, because Plaintiff is no longer housed at GEO-WRDF. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (holding an inmate's transfer to another prison while his claims are pending will generally moot any claims for injunctive relief relating to the conditions at the former prison).

### 2. *Hartley*

As to Defendant Hartley, Plaintiff fails to present any factual allegations concerning his conduct or lack thereof. (*See* Complaint at 3–4.) Insofar as Plaintiff is attempting to allege Hartley is vicariously liable for Lemus' conduct, even assuming such a claim can be raised, Plaintiff fails to allege sufficient facts to do so. *See Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's RFRA claim against Hartley is dismissed without prejudice.

## III. Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* (s*ee* ECF No. 6);

(2) **ORDERS** the Warden of MCC, or his designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $ 10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, Metropolitan Correction Center, 808 Union Street, San Diego, California 92101.

(4)     **DISMISSES** Defendant Hartley pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A based on Plaintiff's failure to state a claim against him and **DIRECTS** the Clerk of Court to terminate Hartley as a party to this action.

(5)     **DISMISSES** Plaintiff's: (1) *Bivens* free exercise claim in its entirety, and (2) RFRA claim as to injunctive relief for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

(6)     **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant Lemus, Chaplain at GEO-WRDF, and forward it to Plaintiff along with a blank U.S. Marshal Form 285.  In addition, the Clerk will provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint, and the summons so that he may serve Defendant Lemus.  Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where Defendant may be found and/or subject to service pursuant to S.D. Cal. Civ. Local Rule 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his "IFP package."

(7)     **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Lemus upon receipt and as directed by Plaintiff on the completed USM Form 285, and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court.  *See* S.D. Cal. Civ. Local Rule 5.2. All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

(8)     **ORDERS** Defendant Lemus, once she has been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has

3:22-cv-0309-TWR-JLB

made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond);

(9) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or their counsel, and the date of that service. *See* S.D. Cal. Civ. Local Rule 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendant, or her counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: May 4, 2022

Honorable Todd W. Robinson
United States District Judge

11

3:22-cv-0309-TWR-JLB