1  Susan E. Coleman (SBN 171832)
   E-mail: scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
3  Los Angeles, CA 90071-2953
   Tel: 213.236.0600    Fax: 213.236.2700
4
   Attorneys for Defendant
5  CHAPLAIN LEMUS

6

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  GABRIEL PIES-LONSDALE,            Case No. 3:22-cv-00309-TWR-JLB

12              Plaintiff,            **DEFENDANT'S MOTION TO**
                                      **DISMISS PLAINTIFFS'**
13  v.                               **COMPLAINT**

14  LEMUS, Chaplain; T. HARTLEY,      Date:    October 11, 2022
    Case Manager,
15                                    [NO ORAL ARGUMENT UNLESS
                Defendants.           REQUESTED BY THE COURT]
16
                                      Magistrate Judge Jill L. Burkhardt
17

18

19        TO PLAINTIFF GABRIEL PIES-LONSDALE, IN PRO PER:

20        PLEASE TAKE NOTICE that Defendant Lemus hereby moves this Court to

21  dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), on

22  the grounds that he failed to exhaust administrative remedies. Additionally,

23  Plaintiff fails to state any Eighth Amendment cruel and unusual punishment claim

24  and his injunctive relief sought is overly broad and not narrowly drawn.

25  ///

26  ///

27  ///

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4874-6376-8624 v1          - 1 -          DEFT'S MOTION TO DISMISS
                                              3:22-CV-00309-TWR-JLB

1    Defendant's Motion is based upon this Notice of Motion and Motion,

2    Plaintiff's Complaint, all pleadings and records on file in this case, and on such

3    further authority, evidence, or arguments as may be presented at or before the time

4    of the hearing, if any.  Plaintiff is pro se and a hearing is not required or requested.

5

6    Dated:  August 30, 2022            BURKE, WILLIAMS & SORENSEN, LLP

7

8                                       By:  /s/ Susan E. Coleman
                                             Susan E. Coleman
9
                                        Attorneys for Defendant
10                                      CHAPLAIN LEMUS

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4874-6376-8624 v1            - 2 -            DEFT'S MOTION TO DISMISS
                                                 3:22-CV-00309-TWR-JLB

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff alleges that his civil rights were violated in February 2022, while he was housed at The GEO Group's Western Regional Detention Facility in San Diego. (Compl. at 1.)  The Complaint is subject to dismissal on multiple grounds.

First, Plaintiff fails the threshold issue of exhausting administrative remedies. Plaintiff's claims are barred due to his failure to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e) *et seq*.  Under that statute, prisoners are required to exhaust all administrative remedies available to them regarding jail conditions prior to bringing any lawsuit under 42 U.S.C. § 1983, or any other Federal law, regarding those conditions.

Second, although Plaintiff labels his causes of actions both as Freedom of Religion and Freedom from Cruel and Unusual Punishment, his allegations related to his freedom to practice voodoo do not fall within the Eighth Amendment cruel and unusual punishment clause and thus should be dismissed with prejudice.

Plaintiff's injunctive relief claims are also overly broad and lack specificity.

## II.     STATEMENT OF FACTS

Plaintiff states that on February 17, 2022, he put in a request form to Chaplain Lemus asking for Haitiian vodoo prayers. (Compl. at 3.)  Chaplain Lemus allegedly responded on February 24, 2022, indicating that vodoo practices were not permitted in the facility for safety and security reasons. (*Id*.)  When Chaplain Lemus did her rounds on February 26, 2022, Plaintiff allegedly asked her why his request was denied, stating there was nothing he requested that would threaten safety and security, and the Chaplain replied "because your religion is not a religion." (*Id*.)

Plaintiff states that he turned in a grievance on February 24, 2022, at 5:00 p.m., noting that he had requested voodoo prayers and they had been denied by Chaplain Lemus. (Compl. at 4.)  Plaintiff does not, however, state what happened

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4874-6376-8624 v1

- 3 -

DEFT'S MOTION TO DISMISS
3:22-CV-00309-TWR-JLB

to the grievance thereafter. (*See generally*, Compl.) While he checked the box "yes," that he exhausted the grievance process, he did not describe how relief was sought and the results, as the instructions dictate. (*See* Compl. at 6.)

## III. <u>LEGAL STANDARDS</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009.

The court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

## IV. <u>ARGUMENT</u>

### A. <u>Plaintiff Failed To Exhaust Administrative Remedies</u>

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'available administrative remedies' before bringing an action with respect to prison conditions." *Williams v. Paramo*, 775 F.3d 1182, 1190–91 (9th Cir. 2015) (quoting 42 U.S.C. § 1997e(a)); *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted.")[1]  The purpose of the PLRA's mandatory exhaustion requirement is twofold. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation omitted). First, exhaustion protects agency authority by discouraging prisoners from disregarding agency procedures and giving agencies a chance to correct their own mistakes before a lawsuit is filed.  *Id*.  Second, exhaustion promotes efficiency, given that claims can often be resolved more economically—often through settlement—prior to a lawsuit.  *Id*.  The exhaustion requirement is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The PLRA exhaustion requirement "applies with equal force to prisoners held in private prisons."  *Roles v. Maddox*, 439 F.3d 1016,1017 (9th Cir. 2006).

Where it is clear from the face of a plaintiff's complaint that the plaintiff did not exhaust correction facility administrative remedies, dismissal may be sought by a dispositive motion rather than by presentation of evidence.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).  When the exhaustion of administrative remedies is required by federal statute, the failure to exhaust is a jurisdictional defect that prevents the district court from hearing the claim. [citations omitted]."  *Morgan v. Arizona Dept. of Corrections*, 976 F. Supp. 892, 894-895 (D. Ariz. 1997).

Here, the Complaint fails to provide any detail supporting Plaintiff's bald claim of exhaustion (*by checking the "yes" box*).  While Plaintiff states he submitted a grievance, he fails to state any facts about the remainder of the process.  Only alleged violations that are the subject of Plaintiff's grievances and that have been fully exhausted should be included in this lawsuit; however, Plaintiff provides insufficient information to determine if this occurred.  Proper exhaustion under §

---

[1] When Congress amended section 1997e(a) in 1995, "the amendments eliminated . . . the discretion to dispense with administrative exhaustion."  *Id*.  The Court also "stress[ed] the point . . . that [it] will not read futility or other exceptions into statutory exhaustion requirements where Congress has not provided otherwise."  *Id*. at 741 n.6.  "This inference is, to say the least, also consistent with Congress's elimination of the requirement that administrative procedures must satisfy certain 'minimum acceptable standards' of fairness and effectiveness before inmates can be required to exhaust them, and the elimination of the courts' discretion to excuse exhaustion when it would not be 'appropriate and in the interests of justice.'"  *Id*. at 740 n.5.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4874-6376-8624 v1                           - 5 -                    DEFT'S MOTION TO DISMISS
                                                                          3:22-CV-00309-TWR-JLB

1997e is mandatory and cannot be satisfied by "filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 83-84. After all, "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its solution…" *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). The Complaint must be dismissed for failure to exhaust administrative remedies.

## B. Plaintiff Fails To State An Eighth Amendment Claim

Plaintiff labels his causes of actions as both Freedom of Religion <u>and</u> Freedom from Cruel and Unusual Punishment; however, his allegations related to freedom to practice voodoo do not fall within the Eighth Amendment cruel and unusual punishment clause and thus should be dismissed with prejudice.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal quotation marks omitted); *see also Hutto v. Finney*, 437 U.S. 678, 685 (1978); *Spain v. Procunier*, 600 F.2d 189, 200 (9th Cir. 1979). "No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). Eighth Amendment claims range from issues including excessive force, conditions of confinement, failure to protect, and deliberate indifference to medical needs.

Eighth Amendment issues do not include religion, which is squarely within the parameters of the First Amendment. See, *e.g.*, *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *see also Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015); *Clement v. Cal. Dep't. of Corr.*, 364 F.3d 1148, 1151 (9th Cir. 2004) (per curiam); *Ashker v. Cal. Dep't of Corr.*, 350 F.3d 917, 922 (9th Cir. 2003); *Rizzo v.*

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4874-6376-8624 v1

*Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Accordingly, the term "cruel and unusual punishment" should be dismissed or stricken from Plaintiff's Complaint.

### C. Plaintiff's Injunctive Relief Is Not Narrowly Drawn

Plaintiff seeks an injunction preventing defendants from denying him religious materials, religious physical items for prayer rituals, and all rights to his religious freedoms without prejudices. (Compl. at 7.) But there are several defects with this vague injunctive request.

First, the named defendants do not necessarily have the power to grant these items without restrictions such as safety and security or other considerations. Nor has Plaintiff specified what materials and items he seeks, in particular.

Second, his proposed relief is overly broad. The PLRA states that:

> [t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation ... The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (1997). Plaintiff's requests are broad and fail to provide enough specifics to comply with the PLRA.

///
///
///
///
///
///
///
///
///
///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

## V.   **CONCLUSION**

Defendant respectfully requests that this Court dismiss the Complaint without prejudice, based on Plaintiff's failure to properly allege exhaustion of remedies.  Any Eighth Amendment claim for cruel and unusual punishment should be dismissed with prejudice, as Plaintiff's religious claims related to a voodoo practice do not fall under this clause. Further, Plaintiff's injunctive relief sought is overly broad.


Dated: August 30, 2022                    BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ *Susan E. Coleman*
                Susan E. Coleman

Attorneys for Defendant
CHAPLAIN LEMUS

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES