UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PIES-LONSDALE, INMATE # 64770-298,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LEMUS, Chaplain, GEO Western Region Detention Facility,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  22-CV-309 TWR (JLB)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), AND**<br>**(2) DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**<br><br>(ECF No. 13) |

Plaintiff Gabriel Pies-Lonsdale, a person detained at the GEO Western Region Detention Facility in San Diego, California, at the time of the underlying events but since released from custody, is proceeding *pro se* with a civil rights Complaint. (*See generally* ECF No. 1 ("Compl.").) The only remaining claim in the Complaint alleges that Defendant Chaplain Lemus, the sole remaining Defendant, violated Plaintiff's right to the free exercise of religion as protected by the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb *et seq*., by denying his request for "Haitian Voodoo prayers" on the basis that it "is not a religion." (*See id*. at 3–4; ECF No. 8 at 6–10.)

Presently before the Court is Defendant's Motion to Dismiss ("Mot.," ECF No. 13) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff's Opposition was initially due on September 20, 2022. (*See* ECF No. 14.) On November 3, 2022, Plaintiff filed a notice of change of address that included a request for an extension of time to file an Opposition and for copies of all documents filed in this case. (*See* ECF No. 15.) On November 8, 2022, the Court extended Plaintiff's deadline to file an Opposition until December 6, 2022, and directed the Clerk of Court to send him copies of his Complaint, the Defendant's Motion to Dismiss, and the Court's prior Orders in this case. (*See* ECF No. 16.) That Order was returned to the Court by the United States Post Office marked: "return to sender/not deliverable as addressed/unable to forward." (*See* ECF No. 17.)

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss. Further, because Plaintiff has not kept the Court apprised of his current address, he is directed to **SHOW CAUSE** why this action should not be dismissed for failure to prosecute pursuant to this Court's local rules. *See* S.D. Cal. CivLR 83.11(b) ("If mail directed to a pro se plaintiff by the Clerk at plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.").

## BACKGROUND

Plaintiff initiated this action on March 4, 2022, by filing a 42 U.S.C. § 1983 civil rights Complaint naming as Defendants GEO Western Region Detention Facility Chaplain Lemus and GEO Western Region Detention Facility Case Manager Hartley. (*See generally* ECF No. 1.) He alleged he was not allowed to practice his religion by praying and claimed violations of the First and Eighth Amendments and the Religious Land Use and

---

[1] Although this matter was randomly referred to United States Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither a Report and Recommendation nor oral argument is necessary for the disposition of this matter. *See* S.D. Cal. Civ.L.R. 7.1(d)(1), 72.1(d).

Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*. (*See* Compl. at 3–4.)

Specifically, in count one of the Complaint, Plaintiff claims a violation of his rights to "freedom of religion and freedom from cruel and unusual punishment." (*See* Compl. at 3.) He alleges that, while incarcerated at the Western Region Detention Facility:

> On 2.17.22 I put in a detainee request form to Chaplain Lemus stating the following. "I would like Haitian voodoo prayers so I can find salvation thru my religion as I am documented thru the b.o.p. Thank you for allowing me to practice my First Amendment right." Chaplain Lemus responded on 2.24.22 stating "voodoo practices are all about rituals that we do not allow in this facility for security and safety reasons, therefore your request is denied." When Chaplain Lemus did her rounds on 2.26.22 I asked her Chaplain Lemus why she denied my religion request there is nothing in my request that is threatening to the safety and security to the facility. Chaplain Lemus stated "because your religion is not a religion."

(*Id*.)

In count two of the Complaint, Plaintiff claims violations of his rights to "freedom of religion and freedom from cruel and unusual punishment" and alleges that:

> On 2.24.22 at 5pm I turn in a detainee grievance I stated "I requested voodoo prayers on 2.17.22 so I can seek salvation thru my religion which is voodoo. Chaplain Lemus has imposed a substantial burden on my religious exercise. A clear violation of the First Amendment and (RLUIPA). See Cutter v. Wilkinson, 544 U.S. 709 (2005). Plz allow me to practice my religion without discrimination, [there is] no need for this hate crime to continue."

(*Id*. at 4.)

In addition to demanding compensatory and punitive damages, the Complaint seeks an injunction preventing Defendants from denying him "religious document(s) for and of prayer(s)," "religious physical items for pray(s) ritual(s)" and "all rights to my religious freedom(s) without prejudice(s)." (*See id*. at 6.)

On May 4, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis* and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), which require *sua sponte* dismissal of complaints, or any portions thereof, filed by persons, such

as Plaintiff, who are proceeding *in forma pauperis* and detained for violations of conditions of supervised release, that are frivolous, malicious, fail to state a claim, or that seek damages from defendants who are immune. (*See generally* ECF No. 8.) Because Plaintiff was presenting claims arising from actions that took place in a private detention facility housing federal detainees and there were no allegations of state action, the Court liberally construed the Complaint as brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983. (*See* ECF No. 8 at 6–7.) The Court found Plaintiff could not state a First Amendment free exercise claim under *Bivens* because an alternative remedial scheme with all appropriate relief for free exercise claims was available under the RFRA and because *Bivens* does not allow a cause of action against employees of a private detention facility operated by the GEO Group under a contract with the United States Marshals Service. (*See* ECF No. 8 at 7.) The Court further found Plaintiff could not state a claim under RLUIPA because that statute applies only to state governments; nonetheless, the Court liberally construed Plaintiff's RLUIPA claim as a RFRA claim. (*See* ECF No. 8 at 8.) The Court dismissed as moot Plaintiff's claim for injunctive relief because he had been released from custody. (*Id*. at 9.) The Court dismissed the RFRA claim against Defendant Hartley because there were no allegations regarding any actions he had taken or had failed to take and directed service of the summons and Complaint on Defendant Chaplain Lemus after finding the Complaint plausibly stated a RFRA claim against him. (*See* ECF No. 8 at 8–10.)

Defendant Chaplain Lemus moved to dismiss on August 30, 2022. (*See generally* ECF No. 13.)

**MOTION TO DISMISS**

**I.    Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009), quoting *Iqbal*, 556 U.S. at 678.

## II.   Analysis

Defendant Chaplain Lemus moves to dismiss: (1) the Complaint in its entirety because Plaintiff has not exhausted his administrative remedies, (2) the Eighth Amendment cruel and unusual punishment claim for failure to state a claim, and (3) the injunctive relief claim as overly broad and lacking specificity. (*See generally* Mot.)  Pursuant to Section III.A.2 of the undersigned's Standing Order for Civil Cases, Plaintiff's "failure timely to file an opposition . . . may be construed as consent to the granting of the motion pursuant to Civil Local Rule 7.1(f)(3)(c)."  Nonetheless, the Court will consider each of the grounds raised in Defendant's Motion on the merits.

### A.   *Exhaustion of Administrative Remedies*

Defendant Chaplain Lemus, the only Defendant remaining in this action, first moves to dismiss the Complaint in its entirety without prejudice for failure to exhaust administrative remedies. (*See* Mot. at 4–6 (citing 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")).) Defendant argues that although Plaintiff states in the Complaint that he filed a detainee grievance on February 24, 2022, he does not indicate how it was resolved. (*See* Mot. at 3–4.) And although Plaintiff checked the box on his form Complaint answering "Yes" when asked whether he had "previously sought and exhausted all forms of available relief from the proper administrative officials regarding the acts alleged," (*see* Compl. at 5), he left blank the following question: "If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not exhausted." (*See id.*) Defendant therefore contends that Plaintiff "did not describe how relief was sought and the results, as the instructions dictate." (*See* Mot. at 4.)

"The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (quoting 42 U.S.C. § 1997e(a)). "[T]he PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims." *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "[P]risoners are obligated to navigate all a prison's administrative review process 'regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible.'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)) Inmates are not required to exhaust administrative remedies, however, when circumstances render administrative remedies effectively unavailable. *See Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010); *see also Ross*, 578 U.S. at 648 ("The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'")

"Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). The Ninth Circuit stated in *Albino* that "an unenumerated motion under Rule 12(b) is not the appropriate procedural device for pretrial

determination of whether administrative remedies have been exhausted under the PLRA." *Id*. at 1168. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden." *Id*. at 1166. Once a defendant carries that burden by showing "there was an available administrative remedy, and that the prisoner did not exhaust that available remedy . . . the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172.

It is not clear in this case from the face of the Complaint that Plaintiff has failed to exhaust his available administrative remedies. Rather, Plaintiff states he has exhausted his administrative remedies. (*See* Compl. at 5.) He also describes the contents of the grievance he used to exhaust, which contains the same allegations against Defendant Chaplain Lemus as contained in the Complaint. (*Id*. at 4.) Because this is not a "rare event that a failure to exhaust is clear on the face of the complaint," Defendant Lemus may not move for dismissal under Rule 12(b)(6). *See Albino*, 747 F.3d at 1166; *see also id*. at 1168 ("Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden."). The Court therefore **DENIES WITHOUT PREJUDICE** the Motion to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies.

### B.    *Eighth Amendment Cruel and Unusual Punishment Claim*

Defendant moves to dismiss the Eighth Amendment cruel and unusual punishment claim from the Complaint on the basis that the Eighth Amendment is not implicated by an alleged denial of the free exercise of religion. (*See* Mot. at 6–7.) Defendant therefore requests the words "cruel and unusual punishment" be dismissed or stricken from the Complaint. (*See id*. at 7.)

To plausibly allege an Eighth Amendment cruel and unusual punishment claim, a prisoner must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *See Farmer v. Brennan*,

511 U.S. 825, 847 (1994).  There are no such allegations in the Complaint.  (*See generally* Compl.)  Rather, Plaintiff merely alleges Defendant Chaplain Lemus denied him his right to engage in prayerful worship of his religious beliefs.  Accordingly, Plaintiff has not plausibly alleged an Eighth Amendment cruel and unusual punishment violation, and the Court **GRANTS** Defendant's Motion to dismiss the Eighth Amendment claim.

### C. *Injunctive Relief*

Finally, Defendant seeks dismissal of Plaintiff's claim for injunctive relief as overly broad and not sufficiently narrowly drawn as required by 18 U.S.C. § 3626(a)(1)(A).  (*See* Mot. at 7.)  Plaintiff seeks an injunction preventing Defendants from denying him "religious document(s) for and of prayer(s)," "religious physical items for pray(s) ritual(s)" and "all rights to my religious freedom(s) without prejudice(s)." (*See* Compl. at 6.)  The Court previously dismissed as moot Plaintiff's claim for injunctive relief in the Court's screening order.  (*See* ECF No. 8 at 9.)  Accordingly, the Court **DENIES AS MOOT** Defendant's Motion to dismiss Plaintiff's claim for injunctive relief.

### ORDER TO SHOW CAUSE

Southern District of California Civil Local Rule 83.11(b) requires parties proceeding *pro se* to keep both the Court and opposing parties advised as to their current address and provides that "[i]f mail directed to a pro se plaintiff by the Clerk at plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute." *See id.*; *see also, e.g.*, *Nunez-Martinez v. United States*, No. 19-CV-514 DMG (KK), 2020 WL 42457, at *1 n.1 (C.D. Cal., Jan. 2, 2020) (holding that plaintiff's failure to keep the court apprised of his current address in violation of local rules amounted to lack of prosecution).

On November 8, 2022, in response to a request from Plaintiff that accompanied his notice of change of address, the Court issued an Order extending Plaintiff's deadline to file an Opposition until December 6, 2022, and directed the Clerk of Court to send Plaintiff copies of his Complaint, the Defendant's Motion to Dismiss, and the Court's prior Orders

in this case. (*See* ECF No. 16.) That Order was returned to the Court by the Post Office on November 16, 2022, marked: "return to sender/not deliverable as addressed/ unable to forward." (*See* ECF No. 17.) Plaintiff's sixty days under Local Civil Rule 83.11(b) expired on January 17, 2023.

As of the date of this Order, the Court has received no notice of Plaintiff's current address. Accordingly, the Court **ORDERS** Plaintiff **TO SHOW CAUSE** within twenty-one (21) days of the date of this Order why this action should not be dismissed for failure to prosecute pursuant to Local Civil Rule 83.11(b).

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Chaplain Lemus' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to dismiss the Complaint for failure to allege exhaustion of administrative remedies, **GRANTS** Defendant's Motion to dismiss Plaintiff's Eighth Amendment cruel and unusual punishment claim, and **DENIES AS MOOT** Defendant's Motion to dismiss Plaintiff's claim for injunctive relief. This action **SHALL PROCEED** as to the only remaining claim in the Complaint against the only remaining Defendant to this action, namely, Plaintiff's RFRA claim against Defendant Chaplain Lemus.

The Court also **ORDERS** Plaintiff **TO SHOW CAUSE** within twenty-one (21) days of the date of this Order why this action should not be dismissed for failure to prosecute by keeping the Court and Defendant apprised of his current address as required by Southern District of California Civil Local Rule 83.11(b). *Should Plaintiff fail timely to respond to this Order, the Court will dismiss this action without prejudice.*

**IT IS SO ORDERED**.

Dated: January 18, 2023

_____
Honorable Todd W. Robinson
United States District Judge